to exercise a sound legal discretion in regard to many things, connected with such trials; and we cannot revise his rulings in the exercise of that discretion, whilst he keeps within that limit. We cannot say that he exceeded it in this case. The evidence is not all in the record; and we are not informed of the situation in life, education, or intelligence of this witness, other than the above answers would appear to indicate, and the allegation in the complaint that she was fourteen years old.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*D. D. Pratt* and *S. C. Taber*, for the appellant.

Nov. Term,
1858.

KERNAN
v.
THE STATE.

---

## THE STATE *v.* DOTY.

APPEAL from the *Hendricks* Court of Common Pleas.
*Per Curiam.*—Information for retailing against the act of 1853. Information quashed.

The judgment is affirmed. See *Ingersoll* v. *The State*, at this term (1).

*R. H. Litson* and *P. S. Kennedy*, for the state.

Monday,
January 10,
1859.

(1) *Ante,* 464.

---

## KERNAN *v.* THE STATE.

If *A.*, acting as an officer, seize *B.* upon a proper warrant for his arrest, and *B.*, after being informed that *A.* had such warrant, strike him while he is executing it, a prosecution for assault and battery will lie.

And if facts exist which would justify the act, such as the illegality of the warrant, &c., the defendant must show them, otherwise the validity of the warrant, &c., will be presumed.